United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MIGUEL MOREIRA-ALFARO,

                Petitioner,

  vs.

WARDEN AYERS,

                Respondent.

_____/

No. C 09-0083 PJH (PR)

**ORDER GRANTING
MOTIONS TO DISMISS**

      This is a habeas case in which petitioner contends that his rights were violated in a disciplinary hearing.  Among the penalties imposed was a loss of ninety days of good-time credits.  In the initial review order the court dismissed one of the two claims and ordered respondent to show cause why habeas relief should not be granted on the second issue, a contention that there was insufficient evidence to support the finding of guilt.

      Respondent has filed two motions to dismiss, claiming in the first that petitioner's claim is procedurally defaulted, and in the second that the claim is not properly brought in habeas because the disciplinary decision had no effect upon the fact of petitioner's confinement or the length of it.  Petitioner has opposed both motions and respondent has replied to both his oppositions.  For the reasons set out below, both motions will be granted.

**DISCUSSION**

**I. First Motion to Dismiss – Procedural Default**

      Petitioner filed state habeas petitions raising the only remaining issue in this case, the constitutional sufficiency of the evidence at the disciplinary hearing to support the result.  The Marin Superior Court concluded that there was "some evidence" to support the

United States District Court

For the Northern District of California

1  disciplinary decision and denied the petition.  Petitioner then filed the same petition in the

2  California Court of Appeal, which denied it, saying that "[t]he petition and documents

3  appended thereto fail to demonstrate petitioner's exhaustion of the inmate appeal process,"

4  and citing *In re Dexter*, 25 Cal. 3d 921, 925 (1979), and *In re Muszalski*, 52 Cal. App. 3d

5  500, 508 (1975).  The court also said:  "Additionally, the petition does not appear to state a

6  prima facie case for relief."  Petitioner then filed the same petition in the California Supreme

7  Court, which denied it without comment.

8       In all cases in which a state prisoner has defaulted his federal claims in state court

9  pursuant to an independent and adequate state procedural rule, federal habeas review of

10 the claims is barred unless the prisoner can demonstrate cause for the default and actual

11 prejudice as a result of the alleged violation of federal law, or demonstrate that failure to

12 consider the claims will result in a fundamental miscarriage of justice.  *Coleman v.*

13 *Thompson*, 501 U.S. 722, 750 (1991).  Procedural default in state court bars the claim in

14 federal court  only if the state procedural rule was independent and adequate.  *McKenna v.*

15 *McDaniel*, 65 F.3d 1483, 1488 (9th Cir. 1995); *Siripongs v. Calderon*, 35 F.3d 1308, 1316-

16 18 (9th Cir. 1994).  The procedural bar still applies even if the state court based its denial

17 on alternative grounds, as long as at least one of them was an adequate and independent

18 procedural ground.  *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

19      Petitioner does not dispute that the bar was independent and adequate, but instead

20 contends that he was unable to complete exhaustion before he filed the state petitions

21 because his administrative appeals (grievances) were not returned from the third level.  To

22 the extent that this is an argument that the state court's imposition of the bar was

23 erroneous, it does not suffice to avoid the procedural default.  *See Poland v. Stewart*, 169

24 F.3d 573, 584 (9th Cir. 1999) (because California courts are the final expositors of

25 California law, court must accept state appellate courts' conclusion that the state's

26 procedural rule was not satisfied).

27      Alternatively, petitioner's argument might be considered as going to the "cause"

28 element of the "cause and prejudice" exception to the procedural default rule.  Petitioner

United States District Court

For the Northern District of California

1   contends that he appealed the denial of his grievance to the third and final level, but never

2   got a response.  Opp. at 2.  His opposition is not verified, he does not provide a declaration,

3   and his exhibits have little evidentiary value, being copies of letters from him to others

4   mentioning the purported lack of response.  Respondent, on the other hand, has provided

5   copies of appeals branch records and prison logs showing that  the appeals were screened

6   out as untimely and that petitioner received these responses, supported by a declaration

7   from the prison litigation coordinator.  Reply at Ex. 10-13.  On this record, the court finds

8   that petitioner did receive the responses from the third level.  He has failed to establish

9   "cause."

10          In addition, petitioner does not say when he *filed* his appeal to the third level, so the

11   only evidence on that point is that provided by respondent, which is that the appeals to the

12   third level were not filed until seventy-seven and eighty-one days after the second level

13   decision, when the regulations provide only fifteen days to appeal to the next level.  *See*

14   Cal. Code Regs. tit. 15, § 3084.6(c).  Because petitioner's appeal to the third level was not

15   timely, and the failure to comply with state regulations on that point was solely the

16   responsibility of petitioner, the purported lack of response from the third level was the fault

17   of petitioner and thus not "cause" to excuse the default.  *See McCleskey v. Zant*, 499 U.S.

18   467, 493 (1991) ("cause" must be "some objective factor external to the [petitioner].").

19          Respondent has established that petitioner's claim was procedurally defaulted.  The

20   first motion to dismiss will be granted.

21   **II.  Second Motion to Dismiss – Lack of Constitutional Claim**

22          In his second motion to dismiss, respondent argues that the disciplinary decision

23   could have no impact on the length of petitioner's incarceration, so a challenge to it is not

24   properly brought in habeas

25          The Supreme Court has held that motions to dismiss for failure to state a claim

26   (motions under Fed. R.Civ.P 12(b)(6)) are not appropriate in habeas cases.  *Browder v.*

27   *Director, Ill. Dept. of Corrections,* 434 U.S. 257, 269 n. 14 (1978)  But rule four of the Rules

28   Governing Section 2254 in the United States District Courts "explicitly allows a district court

United States District Court

For the Northern District of California

1   to dismiss summarily the petition on the merits when no claim for relief is stated." *Gutierrez*

2   *v. Griggs,* 695 F.2d 1195, 1198 (9th Cir.1983); see also *White v. Lewis*, 874 F.2d 599, 602-

3   03 (9th Cir.1989) (meritorious motions to dismiss are permitted by Rule 4).  Thus a motion

4   to dismiss on grounds that, as a matter of law, the facts alleged in a petition do not entitle

5   the petitioner to habeas relief may be entertained as a request for summary dismissal

6   under Rule 4.  *Obremski v. Maass,* 915 F.2d 418, 420 (9th Cir. 1990).

7   Respondent's second motion to dismiss presents a claim of this sort.

8           Respondent argues that because petitioner's sentence was life with the possibility of

9   parole, the loss of good time credits he suffered as a result of the disciplinary decision

10  could not affect the maximum of his sentence – life – and because he had past his

11  minimum eligible parole date seven years before the disciplinary hearing, it could not affect

12  the earliest possible date upon which he might have been released.  Petitioner's response

13  is that the disciplinary conviction will affect his chance of being paroled.  This argument

14  however, has been rejected by the United States Supreme Court.  *See Sandin v. Conner*,

15  515 U.S. 472, 487 (1995) (possibility that disciplinary conviction would affect parole "too

16  attenuated" to be treated as affecting length of incarceration).

17          "'Federal law opens two main avenues to relief on complaints related to

18  imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the

19  Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to

20  the lawfulness of confinement or to particulars affecting its duration are the province of

21  habeas corpus.'"  *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v.

22  Close*, 540 U.S. 749, 750 (2004)); "habeas jurisdiction is absent, and a § 1983 action

23  proper, where a successful challenge to a prison condition will not necessarily shorten the

24  prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).  Because

25  respondent is correct that success here would not necessarily affect the length of

26  petitioner's incarceration, petitioner's claim cannot be the basis for federal habeas relief,

27  and the motion to dismiss will be granted.

28  ///

**CONCLUSION**

Respondent's motions to dismiss (documents 6 and 11 on the docket) are **GRANTED**.  This case is **DISMISSED**.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 1/19/10

_____
PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.09\MOREIRA-ALFARO0083.MDSMSS.wpd

5